# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

GEORGE T. FREDERICK                                                          PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:11-CV-224-KS-MTP

JONES COUNTY BOARD OF SUPERVISORS, *et al.*                DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Plaintiff's Motion for Temporary Restraining Order [18]. Having considered the motion and the response thereto, the undersigned recommends that Plaintiff's Motion [18] be DENIED.

## ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). Furthermore, "[a] claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." *Smith v. City of Tupelo*, 281 Fed. App'x 279 (5th Circ. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)); *Stern v. Hinds County, Miss.*, 436 Fed. App'x 381, 382 (5th Cir. 2011).

In his Motion [18], Plaintiff asks the court to issue an order directing him to be transferred from the Jones County Adult Detention Facility ("facility") to another facility. Specifically, he claims that because he has lawsuits pending against the facility staff members, he is being

mistreated and "can not function on a normal ruteen [sic] due to the constant harrassment [sic] that he is subjected to . . . " *See* Motion [18] at 3. He claims he was deprived of legal research material and other court documents and was not allowed access to the law library at the facility. *Id.* at 2. He alleges that he is denied legal supplies which hinders his ability to draft legal documents and mail them. *Id.* at 2. He also claims his legal mail was opened outside of his presence. *Id.*

In opposition to the motion, Defendants claim, *inter alia*, that the motion should be denied because Plaintiff has recently been transferred to another facility and "he is believed to be free world at this time." *See* Response to Motion [22] at 2. Since the transfer requested by Plaintiff has been completed, his Motion [18] is now moot.

## RECOMMENDATION

As Plaintiff is no longer incarcerated at the Jones County Adult Detention Facility, his Motion [18] is moot, and it is the recommendation of the undersigned that Plaintiff's Motion for Temporary Restraining Order [18] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 20th day of July, 2012.

s/ Michael T. Parker  
United States Magistrate Judge