IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GEORGE T. FREDRICK**                                                                                 **PLAINTIFF**

**V.**                                               **CASE NO. 2:11-CV-00224-MTP**

**JONES COUNTY BOARD OF SUPERVISORS, ET AL.**              **DEFENDANTS**

ORDER

THIS MATTER is before the Court *sua sponte* upon the plaintiff's failure to comply with court orders. Plaintiff George T. Fredrick, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on November 3, 2011. All defendants except Greg Fowlkes have been dismissed from this lawsuit. *See* Order [44]; Judgment [45]. Based on the record and applicable law, the Court finds that the remainder of this case should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* if the plaintiff fails to prosecute or fails to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The district court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On October 8, 2013, the Court entered an Order [51] directing the plaintiff to provide his correct mailing address to the clerk of court by October 25, 2013, or, alternatively, file a written

statement with the clerk by that same date explaining why his case should not be dismissed for failure to comply with court orders.  To date, Fredrick has not provided his current address or responded to the show cause order.  Further, the docket reflects that he has not communicated with the Court since April 19, 2013.

As there is a clear record of delay, the Court may properly dismiss this case under Rule 41(b).  *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming the dismissal of a case where the trial court had warned the plaintiff that his case could be dismissed if he failed to comply with court orders); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).  Throughout the history of this case, Fredrick has been repeatedly warned that his failure to notify the Court of changes to his address and/ or failure to comply with court orders could result in a dismissal of his case. *See* Orders [21] [33][43][51].  Despite these warnings, the plaintiff has not provided the Court with his current address or otherwise complied with the August 23, 2013, show cause order.  Based on his inaction, it appears that Fredrick has lost interest in pursuing this lawsuit and has abandoned it.  Because the plaintiff has failed to prosecute his case and failed to comply with court orders, this lawsuit should be dismissed.  Accordingly,

IT IS HEREBY ORDERED that:

1. The claims remaining in this case are DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

2. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

THIS the 28th day of October, 2013.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE